OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered June 20, 1977 (Eiber, J.) affirmed.
*53 Defendant, a devotee and practitioner of the art of tattooing, was served with a summons for tattooing an unidentified female on a public street, in violation of section 181.15 of the New York City Health Code. That section prohibits all tattooing of human beings, except by licensed medical doctors for medical purposes. It was enacted after a trial period during which regulation of the practice proved ineffective as a means of coping with hepatitis, an ailment which has frequently resulted from tattooing.
Although section 181.15 of the New York City Health Code has heretofore been held constitutional (Grossman v Baumgartner, 17 NY2d 345), defendant contends that Grossman v Baumgartner failed to deal with First Amendment rights. Whether tattooing be an art form, as suggested by the defendant, or a "barbaric survival, often associated with a morbid or abnormal personality,” as suggested by four Justices of the Appellate Division (Grossman v Baumgartner, 22 AD2d 100, 102), we do not deem it speech or even symbolic speech. However, even pure speech may be subject to reasonable regulation in the public interest (Cox v Louisiana, 379 US 536, 545; Adderley v Florida, 385 US 39, 48; People v Radich, 26 NY2d 114, 118-119; People v Street, 20 NY2d 231, 235), and defendant’s right to engage in tattooing is not paramount to the public’s right to good health. Nor may defendant escape valid regulation by labeling his art form symbolic speech (United States v O’Brien, 391 US 367, 376-377). When the object of legislation is not the suppression of free expression but the promotion of public health, there is no constitutional violation even if there is some incidental interference with liberty or property (Chiropractic Assn. of N. Y. v Hilleboe, 12 NY2d 109, 115).
Concur: Dudley, P. J., Hughes and Tierney, JJ.